UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES REUTERS BUSINESS INTERACTIVE, LLC d/b/a FACTIVA<br>U.S. Route One at Ridge Road, Bldg. 5<br>Monmouth Junction, NJ 08852<br><br>          Plaintiff,<br>v.<br><br>ABLAISE LTD<br>40 Queen Anne Street<br>London W1G 9EL,<br>United Kingdom<br><br>and<br><br>GENERAL INVENTIONS INSTITUTE A, INC.,<br>Craigmuir Chambers, P.O. Box 71<br>Town Road<br>Tortola, British Virgin Islands<br><br>          <u>Defendants.</u> | Civil Action No. 1:06CV01015 (GK)<br><br>Jury Trial Demanded |

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Dow Jones Reuters Business Interactive, LLC d/b/a Factiva (hereinafter "Factiva" or "Plaintiff") for its Complaint against Defendants, Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA") (collectively referred to as "Defendants"), alleges as follows:

    1.    This is an action for declaratory judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

    2.    Plaintiff Factiva is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at U.S. Route One at Ridge Road, Bldg. 5, Monmouth Junction, NJ 08852.

3. Upon information and belief, Defendant Ablaise is a corporation organized under the laws of England and Wales with a principal place of business at 40 Queen Anne Street, London W1G 9EL, United Kingdom.

4. Upon information and belief, Defendant GIIA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

5. Defendants Ablaise and GIIA have held themselves out to be the owners of several patents, including U.S. Patent No. 6,961,737 (hereinafter referred to as the '737 patent), which is entitled "Serving Signals."

6. Defendant Ablaise, through its counsel located in Chicago, Illinois, has sent correspondence to Factiva accusing it of infringing the '737 patent and threatening enforcement of the '737 patent against Factiva. The correspondence specifically accuses Factiva of infringing the '737 patent through the operation of the websites located at global.factiva.com.

7. The '737 patent on its face shows an issue date of November 1, 2005, and Ablaise as the assignee of the patent, although Defendants have represented in other proceedings that they both are owners of the '737 patent. Defendants claim that the '737 patent covers technology implemented on the Internet and, more specifically, systems and methods for the dynamic generation of varying formatted web pages using user preferences to personalize the viewed pages.

8. Defendants have asserted their alleged patent rights against many other companies in various jurisdictions that operate websites of some form, including Lycos, Inc.; CDW Corporation; Citigroup Corporation; Salesforce.com; Shopping.com; E*Trade Securities LLC, J&R Electronics; Bank of America Technology and Operations, Inc.; and First Horizon National Corporation, among others.

9. On information and belief, Defendants' sole business is the licensing and enforcement of their alleged patent rights. On information and belief, Defendants do not make or sell any products or provide any services beyond their activities relating to their alleged patent portfolio.

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1337(a) and 1338.

11. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Fed. R. Civ. P. 57 because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendants.

12. On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this Court pursuant to 35 U.S.C. § 293. Defendants Ablaise and GIIA, owners of the '737 patent, do not reside in the United States and, upon information and belief, have not filed in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent rights hereunder. Accordingly, this Court has jurisdiction over Defendants in this action.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d).

14. Plaintiff Factiva has no liability for infringement of the '737 patent because, *inter alia*, Plaintiff Factiva has not infringed any claim of the '737 patent.

15. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendants have made a threat to Plaintiff's business by accusing Plaintiff of unlawful actions. Plaintiff is entitled to a judgment declaring its rights as requested herein.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY

16.  Plaintiff incorporates by reference paragraphs 1-15 as if set forth fully herein.

17.  Plaintiff has not infringed any claim of the '737 patent.

18.  The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation, the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

19.  The allegations of patent infringement place a cloud over Plaintiff's business, and in particular the operation of the websites located at global.factiva.com, and likely will cause uncertainty among others in the marketplace, leading Plaintiff to lose revenues and/or business opportunities.

20.  Plaintiff is entitled to a judgment declaring that Plaintiff has not infringed any claim of the '737 patent and that the claims of the '737 patent are invalid.

WHEREFORE, Plaintiff prays for judgment:

1.  Declaring that Plaintiff Factiva has not infringed any claim of the '737 patent;

2.  Declaring that the claims of the '737 patent are invalid;

3.  Declaring that this case is exceptional as against Defendants pursuant to 35 U.S.C. § 285;

4.  Awarding Plaintiff its costs and reasonable attorneys' fees; and

5.  Granting Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DORSEY & WHITNEY LLP

Dated: June 2, 2006

_____
Creighton R. Magid (DC# 476961)
1001 Pennsylvania Avenue NW
Suite 400 North
Washington, DC 20004-2505
Tel: (202) 442-3000
Fax: (202) 442-3199
magid.chip@dorsey.com

Devan V. Padmanabhan
Sri K. Sankaran
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 340-2600
Fax: (612) 340-8856

*Attorneys for Plaintiff
Dow Jones Reuters Business
Interactive, LLC d/b/a Factiva*