IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOW JONES REUTERS BUSINESS INTERACTIVE, LLC d/b/a FACTIVA | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:06cv01015 |
| v. | ) ) | Judge: Gladys Kessler |
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC. | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## **DEFENDANTS' ANSWER, COUNTERCLAIMS AND JURY DEMAND**

Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Defendants"), answer the Amended Complaint of Plaintiff, Dow Jones Reuters Business Interactive, LLC d/b/a Factiva ("Factiva"), as follows:

1.  This is an action for declaratory judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02.

**RESPONSE:**

Admitted.

2.  Plaintiff Factiva is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at U.S. Route One at Ridge Road, Bldg. 5, Monmouth Junction, NJ 08852.

**RESPONSE:**

Admitted.

3.  Upon information and belief, Defendant Ablaise is a British corporation organized under the laws of England and Wales with a principal place of business at 40 Queen Anne Street, London W 1 G 9EL, United Kingdom.

**RESPONSE:**

      Admitted.

      4.      Upon information and belief, Defendant GIIA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**RESPONSE:**

      Admitted.

      5.      Defendants Ablaise and GIIA have held themselves out to be the owners of several patents, including U.S. Patent No. 6,961,737 (hereinafter referred to as the "'737 patent"), which is entitled "Serving Signals."

**RESPONSE:**

      Admitted.

      6.      Defendant Ablaise, through its counsel located in Chicago, Illinois, has sent correspondence to Factiva accusing it of infringing the '737 patent and threatening enforcement of the '737 patent against Factiva. The correspondence specifically accuses Factiva of infringing the '737 patent through the operation of the websites located at global.factiva.com.

**RESPONSE:**

      Admitted.

      7.      The '737 patent on its face shows an issue date of November 1, 2005, and Ablaise as the assignee of the patent, although Defendants have represented in other proceedings that they both are owners of the '737 patent. Defendants claim that the '737 patent covers technology implemented on the Internet and, more specifically, systems and methods for the dynamic generation of varying formatted web pages using user preferences to personalize the viewed pages.

**RESPONSE:**

      Admitted.

      8.      Defendants have asserted their alleged patent rights against many other companies in various jurisdictions that operate websites of some form, including Lycos, Inc.; CDW Corporation; Citigroup Corporation; Salesforce.com; Shopping.com; E*Trade Securities, LLC; J&R Electronics; Bank of America Technology and Operations, Inc.; and First Horizon National Corporation, among possibly others.

**RESPONSE:**

Denied to the extent the averment of paragraph 8 suggests that Defendants pursued in litigation claims for patent infringement against Bank of America Technology and Operations, Inc. and First Horizon National Corporation. Admitted as to the remaining averments of paragraph 8.

9. On information and belief, Defendants' sole business is the licensing and enforcement of its alleged patent rights. On information and belief, Defendants do not make or sell any products or provide any services beyond their activities relating to their alleged patent portfolio.

**RESPONSE:**

Admitted.

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331, 1337(a) and 1338.

**RESPONSE:**

Admitted.

11. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §2201, and Rule 57, Fed. R. Civ. P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendants.

**RESPONSE:**

Admitted.

12. On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum pursuant to 35 U.S.C. § 293. Defendants Ablaise and GIIA, owners of the '737 patent, do not reside in the United States and, upon information and belief, have not filed in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent rights hereunder. Accordingly, this Court has jurisdiction over Defendants in this action.

**RESPONSE:**

The averment of paragraph 12 concerning 35 U.S.C. § 293 constitutes a legal conclusion to which no response is required and, as such, Defendants deny the same. Admitted as to the remaining averments of paragraph 12.

13. Venue is proper in this Court under 28 U.S.C. §1391(d).

**RESPONSE:**

Admitted.

14. Plaintiff Factiva has no liability for infringement of the '737 patent because, *inter alia*, Plaintiff Factiva has not infringed any claim of the '737 patent.

**RESPONSE:**

Denied.

15. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendants have made a threat to Plaintiff's business by accusing Plaintiff of unlawful actions. Plaintiff is entitled to a judgment declaring its rights as requested herein.

**RESPONSE:**

Admitted to all averments except that Plaintiff is entitled to a judgment declaring its rights requested herein, which averment is denied.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY

16. Plaintiff incorporates by reference paragraphs 1-15 as if set forth fully herein.

**RESPONSE:**

Defendants incorporate by reference their responses to paragraphs 1-15 of Plaintiff's Complaint.

17. Plaintiff has not infringed any claim of the '737 patent.

**RESPONSE:**

Denied.

18. The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation, the requirements of one or more of 35 U.S.C. §§101, 102, 103 and/or 112.

4

**RESPONSE:**

Denied.

19.     The allegations of patent infringement place a cloud over Plaintiff's business, and in particular the operation of the websites located at global.factiva.com, and likely will cause uncertainty among others in the marketplace, leading Plaintiff to lose revenues and/or business opportunities.

**RESPONSE:**

Denied.

20.     Plaintiff is entitled to a judgment declaring that Plaintiff has not infringed any claim of the '737 patent and that the '737 patent is invalid.

**RESPONSE:**

Denied.

## COUNTERCLAIM

Defendants-counter-complainants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Ablaise"), bring this counterclaim for infringement of the '737 patent:

1.      This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

2.      Ablaise is a British corporation.

3.      GIIA is a British Virgin Islands corporation.

4.      On information and belief, Plaintiff-counter-defendant Factiva ("Counter-defendant") is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at U.S. Route One at Ridge Road, Bldg. 5, Monmouth Junction, NJ 08852.

5.      Ablaise owns and has standing to sue for infringement of United States Patent No. 6,961,737 ("the '737 patent") entitled, "Serving Signals."

6. The '737 patent was duly and legally issued by the United States Patent and Trademark Office on November 1, 2005.

7. Counter-defendant has infringed one or more claims of the '737 patent by making, using, and operating the global.factiva.com website throughout the United States, including this judicial district.

8. Counter-defendant has continued to engage in their infringing activities even after receiving notice of the '737 patent and their infringement of such patent.

9. Counter-defendant's infringement of the '737 patent will continue unless enjoined by this Court.

10. Ablaise has been damaged by the infringing acts of Counter-defendant.

11. Ablaise will continue to be damaged unless and until Counter-defendant is restrained from its infringing acts by this Court.

WHEREFORE, Ablaise demands judgment against Counter-defendant, including Counter-defendant's affiliates, officers, agents, servants, employees, and all persons in active concert or participation with Counter-defendant, as follows:

1. Dismissal of Plaintiff-counter-defendant's Amended Complaint and denial of all the relief sought in such Amended Complaint;

2. A preliminary and permanent injunction prohibiting Counter-defendant from further acts of infringement of the '737 patent;

3. An award to Ablaise of such damages as it shall prove at trial against Counter-defendant, after a full accounting of all damages that Ablaise has suffered as a result of Counter-defendant's unlawful conduct, said damages to be no less than a reasonable royalty;

4. An award to Ablaise of all damages so determined for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;

5. A determination that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Ablaise of the costs of this action and reasonable attorneys' fees; and

6. Such other relief as this Court and/or a jury may determine to be proper and just.

## JURY DEMAND

Defendants-counter-complainants hereby demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

/s/ Amy S. Owen
Amy S. Owen, Esq. #411601
Ben Selan, Esq. #495232
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Of Counsel:

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602
Ph: (312) 236-0733
Fx: (312) 236-3137

Attorneys for ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer, Counterclaims and Jury Demand was served this 7th day of September, 2006 via electronic means and first class mail, postage prepaid to the following:

>Creighton R. Magid
>Dorsey & Witney LLP
>1001 Pennsylvania Avenue, N.W.
>Suite 400 North
>Washington, D.C. 20004
>Ph: (202) 442-3000
>Fx: (202) 442-3199
>
>
>Devan V. Padmanabhan
>Sri K. Sankaran
>50 South Sixth Street, Suite 1500
>Minneapolis, MN 55402
>Ph: (612) 340-2600
>Fx: (612) 340-8856
>
>Attorneys for Plaintiff

        /s/ Amy S. Owen
        Amy S. Owen