# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

————

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

October 12, 2006

**Via E-Mail: toconnor@mwncmh.com**

Thomas E. O'Connor, Jr., Esq.
McNees Wallace & Nurick LLC
Suite 1700
Fifth Third Center
21 East State Street
Columbus, Ohio 43215

> *Re: Ablaise Ltd./Peapod LLC – US Patent No. 6,961,737*

Dear Tom:

This follows our recent settlement negotiations and responds in particular to Peapod's concerns with respect to the "Fishwrap" alleged prior art and any effect Fishwrap might have on the validity of the Ablaise '737 patent.

As we discussed, Ablaise has been aware of the Fishwrap article for some time. In fact, we have received a variety of Fishwrap materials from different parties. To some extent, the Fishwrap disclosures we have seen are vague with respect to important aspects of the '737 patent, and the analyses presented by those asserting Fishwrap are inconsistent. In any event, we have completed an initial analysis of Fishwrap and concluded that it lacks fundamental elements of the '737 patent claims. Consequently, with a high level of confidence, we do not believe that Fishwrap bears on the validity of the '737 patent.

By way of example, claim 1 of the '737 patent includes the following two elements (among others):

> receiving *format identifiers* identifying the type of formatting required; [and]

Case 1:06-cv-01015-JR   Document 15-17   Filed 01/05/2007   Page 2 of 3

> *selecting a set of stored functions* in dependence
> upon a received format identifier and said read user
> information ....

'737 Patent, Claim 1, col. 20, ll. 19-23 (emphasis added).

In contrast to the method of claim 1 of the '737 patent, there is no evidence in the materials made available to us that the Fishwrap system uses format identifiers. Nor does the system select a set of stored functions (or "code") in dependence upon format identifiers during the generation of a viewable page, as is claimed in the '737 patent. In fact, the *format* of pages generated by the Fishwrap system *never* changes.

The portion of the main page generated by the Fishwrap system has a simple, *fixed* format comprising a heading tag and a bulleted list of links. Instead of formatting a page based on format identifiers, the Fishwrap system reorders news stories appearing in the bulleted list based on a user's "hit" count for a given topic. That is, Fishwrap ranks each story or section by its popularity (based on a user's selections), and then, when generating viewable pages, sorts the topics in order of their popularity. Thus, rather than using format identifiers to explicitly change the formatting of a page (as claimed in the '737 patent), the Fishwrap system merely maintains a "hit count" in relation to specific topics or stories and then outputs such topics or stories as a sorted list.

Another distinction between the claimed technology of the '737 patent and the Fishwrap system is that the former uses format identifiers to cause dynamic, "on-the-fly" changes to the format of a page. In contrast, the formatting of pages generated by the Fishwrap system is "hard coded" in the program that generates viewable pages. In order to affect a formatting change, the Fishwrap system would have to be recoded.

An exhaustive review of other distinctions between the technology of the '737 patent and the Fishwrap system is beyond the scope of this letter and best left to the litigation process. As I mentioned, though, Ablaise does not believe that Fishwrap is relevant to the validity of the '737 patent. Further, Ablaise is in the process of finalizing a settlement agreement with the party that initially identified Fishwrap as alleged prior art. The financial terms of that agreement are more favorable to Ablaise than those now proposed to Peapod.

Our clients have reached agreement with respect to the non-financial terms of the settlement agreement. Ablaise proposes that the parties now turn their attention to agreeing on a settlement amount. Hopefully, Ablaise's final demand is acceptable to Peapod. If so, we can route a final version of the agreement for signature this week.

Thomas E. O'Connor, Jr., Esq.
October 12, 2006
Page 3 of 3

    We look forward to hearing from you shortly.

                                        Very truly yours,

                                        Matthew G. McAndrews

cc:    Mark Bernstein
       Ablaise