**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOW JONES & COMPANY, INC. )<br>200 Liberty Street )<br>New York, New York 10281, )<br>)<br>                 Plaintiff, )<br>)<br>v. )<br>)<br>ABLAISE LTD. ("Ablaise") )<br>40 Queen Anne Street )<br>London W1G 9EL )<br>United Kingdom )<br>)<br>and )<br>)<br>GENERAL INVENTIONS )<br>INSTITUTE A, INC., ("GIIA") )<br>Craigmuir Chambers )<br>P.O. Box 71 )<br>Town Road )<br>Tortola, British Virgin Islands, )<br>)<br>                 Defendants. ) | **Civil Action No. 1:06CV01014**<br><br>**Judge James Robertson**<br><br><br><br>**ORAL HEARING REQUESTED** |
| DOW JONES REUTERS )<br>BUSINESS INTERACTIVE, LLC )<br>200 Library Street )<br>New York, New York 10281, )<br>)<br>                 Plaintiff, )<br>)<br>v. )<br>)<br>ABLAISE and GIIA, )<br>)<br>                 Defendants. ) | **Civil Action No. 1:06CV01015**<br><br>**Judge James Robertson**<br><br><br>**ORAL HEARING REQUESTED** |

**Declaration of Andrew M. Ritchie**

I, Andrew M. Ritchie, declare as follows:

   1. I am one of the named inventors of U.S. Patent Nos. 6,295,530 and 6,961,737. I am one

of the founding members of both Point4 Consulting Ltd. and Ablaise Ltd.

2. I founded Point4 Consulting Ltd., along with three others, in October 1994. The other named co-inventor listed on the '530 and '737 patents is Jonathan Bradshaw. Mr. Bradshaw was also one of the co-founders of Point4.

3. During the winter of 1994, Mr. Bradshaw and I worked on my idea of dynamically creating web pages that included both content and formatting corresponding to user preferences. The subject matter of this work resulted in a U.K. patent application that was filed on May 15, 1995. This patent application eventually led to the '530 and '737 patents.

4. Point4 struggled financially early on. For the first two years, for instance, Point4 operated out of Mr. Bradshaw's and my spare bedrooms. When Point4 finally leased office space, we could not afford desks and made them ourselves from kitchen worktops. Point4 directors often went months without a salary and from time-to-time relied upon family and friends to keep the business solvent.

5. Point4's assets overlapped with the Point4 directors' personal assets. The computers I used, for instance, for Point4's business were my personal property.

6. Point4 maintained disaster recovery back-up tapes.

7. Point4 became a successful business. Nettec purchased Point4 in 1999. The purchase did not include the patents-in-suit.

8. At this time, Mr. Bradshaw and I became employees of Nettec. In 2001-2003, we both left Nettec and in 2002 founded Ablaise.

9. I have preserved and possess a number back-up tapes containing Point4 information and other media from the Point4 era.

10. The entire media that I have with information relating to Point4 includes: 160 back-up tapes, 3 laptops, 2 tower computers, 5 hard drives, and 2 CDs.

11. The back-up tapes are all disaster recovery back-up tapes. As disaster recovery back-up tapes, I cannot access or view the data on the tapes. The 160 back-up tapes are made up of the following types: 121 DLT4 tapes, 38 DAT tapes, and 1 SDLT tape. The tapes are not categorized or indexed chronologically. I believe that the back-up tapes include Point4 information from 1994 to 1999.

12. I believe the three laptops date back to 1994 and 1995. The first laptop is an Apple Macintosh that Mr. Bradshaw used during that time period. The second laptop is an Olivetti PT-AT-60 that I used during that time period. The drive on this laptop spins, but the drive cannot be accessed. The third laptop is a Digital p7x that I used from that time period. Around 1996 or 1997, I reformatted this laptop and installed Windows '95. Due to the reformatting, all data on the laptop before the reformatting has been deleted.

13. I have five hard drives that date back to the Point4 era. I removed these hard drives from old personal computers. At least two of the hard drives came from Sun Workstations. The hard drives range from 1990 to 1997. I do not know the ages for some of the hard drives.

14. I have two tower computers. Each tower computer has two hard drives.

15. In total, I have twelve hard drives from the Point4 era: three hard drives—one from each laptop, five hard drives removed from personal computers, and four hard drives from the two tower computers. I believe that all of these hard drives are more than ten years old.

16. I believe that the back-up tapes includes information relating to Point4's business as well as my own personal information and personal information from other Point4 directors

and employees. Some of the Point4 business information that I believe may be on this media includes confidential information regarding Point4 clients. Mr. Bradshaw and I have an obligation under the U.K. Data Protection Act to keep this information confidential.

17. I do not know what information is on this media. I do not know where to find any information on this media.

18. I estimate that the back-up tapes and the hard drives contain approximately nine terabytes of data. One terabyte equals one thousand gigabytes.

19. Due to the age of this media, I maintain it all in a careful manner.

20. Ablaise has consulted with Kroll Ontrack in the U.K. on two separate occasions. Before Ablaise consulted with Kroll, I attempted to access two of the hard drives. I was able to copy an image of the first hard drive I accessed. I was able to copy some of the data off the second hard drive. Kroll has explained that due to the age of the hard drives, it is not safe to access them or attempt to image them without professional equipment and expertise. Kroll explained that as a matter of professional opinion the hard drives should be forensically imaged to best protect against damaging or losing the data on the hard drives. I have not since attempted to access or image any of the hard drives.

I declare under the penalty of perjury and the laws of the District of Columbia that the foregoing is true and correct to the best of my knowledge.

Dated this 10th day of December, 2007.

_____
Andrew M. Ritchie