UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE LTD. <br> and <br> GENERAL INVENTIONS <br> INSTITUTE A, INC. <br><br> Defendants. | Civil Action No. 1:06-CV-01014 <br><br> Judge James Robertson |
| DOW JONES REUTERS BUSINESS INTERACTIVE, LLC d/b/a FACTIVA, <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE LTD. <br> and <br> GENERAL INVENTIONS <br> INSTITUTE A, INC. <br><br> Defendants. | Civil Action No. 1:06-CV-01015 <br><br> Judge James Robertson |

**OPPOSITION OF PLAINTIFFS DOW JONES COMPANY' INC. AND
DOW JONES REUTERS BUSINESS INTERACTIVE, LLC d/b/a FACTIVA
TO DEFENDANT ABLAISE, LTD.'S MOTION TO DISMISS THE '530 PATENT**

Plaintiffs, Dow Jones & Company, Inc. and Dow Jones Reuters Business Interactive, LLC d/b/a Factiva (collectively, "Dow Jones"), oppose the motion of Defendant, Ablaise, Ltd. ("Ablaise") to dismiss the '530 patent from this action because the covenant not to sue Dow Jones proffered by Ablaise is insufficient to eliminate a substantial controversy over the validity of the '530 patent. Moreover, to permit Ablaise to shield the '530 patent from a determination of

invalidity, after Dow Jones has expended very considerable resources in identifying and obtaining evidence of the invalidity of the '530 patent, while preserving the right to bring later suits against entities related to Dow Jones would be contrary to principles of judicial economy and equity. Therefore, Ablaise's motion to dismiss Dow Jones's claims for declaratory judgment of invalidity should be denied.

## I. INTRODUCTION

Dow Jones instituted this declaratory judgment action based upon communications from Ablaise indicating that it believed that Dow Jones was infringing U.S. Patent No. 6,295,530 ("the '530 patent") and U.S. Patent No. 6,961,737 ("the '737 patent"). See Exh. 1. On July 13, 2006, Ablaise filed counterclaims in this action asserting that Dow Jones infringes the '530 patent and the '737 patent. After the parties exchanged discovery, Ablaise provided interrogatory responses that articulated the basis for its infringement claims with respect to the '530 patent and provided element-by-element claim charts on three claims of the '530 patent. See Exh. 2.

Based on Ablaise's assertions that the '530 patent was infringed by at least two of Dow Jones' current products, Dow Jones undertook substantial efforts to establish the invalidity of the '530 patent. This work included searching for and evaluating prior art, taking evidence from third party witnesses and working with experts to assess the invalidity of the '530 patent. As is reflected in Dow Jones' expert report on invalidity, which identifies at least three anticipatory references for the '530 patent, the broad claims of the '530 patent are plainly invalid over the prior art.[1] Dow Jones, as well as this Court, also expended substantial time and effort in completing the Markman briefing and hearing on the '530 patent.

---

[1] This work was not duplicative of the work done on invalidating the '737 patent. Although the art is clearly related, two of the three anticipatory references for the '530 patent are not anticipatory of the '737 patent.

On July 2, 2008, only thirteen days before Dow Jones' expert report on invalidity was due, Ablaise informed Dow Jones that it would not assert infringement of the '530 patent in this action. See Exh. 3. This decision reflected not a determination by Ablaise that the accused Dow Jones products did not infringe the asserted claims of the '530 patent but rather a recognition that the prior art evidence adduced by Dow Jones made the odds of surviving a summary judgment on invalidity low. Thus, rather than lose the '530 patent entirely on summary judgment, Ablaise made the strategic decision to attempt to shield that patent from the invalidity challenge put together by Dow Jones. Ablaise did so because, as the Court is aware, its entire business model is based on what Ablaise itself describes as a "coercive licensing program" that offers targets fully-paid up licenses for less than the cost of litigation. See Exh. 4. The Ablaise inventors have expressed the view that "around 70% of the world's leading commercial websites may infringe its patents." See Exh. 4. A finding of invalidity of the '530 patent would throw a not inconsiderable monkey wrench into its licensing plans.

Ablaise did not immediately provide Dow Jones with a covenant not to sue, but subsequently proffered a covenant that is limited to current products and extends solely to the Dow Jones affiliates it has already sued, but not to Dow Jones's parent company or other affiliates. In December 2007, during the course of this litigation, Dow Jones was acquired by News Corporation. Ablaise was fully aware of this fact and even sought to involve News Corporation executives in this case by noticing the deposition of Rupert Murdoch and seeking discovery of News Corporation documents about the purchase. Dow Jones asked that, given that it had already expended the substantial resources necessary to invalidate the '530 patent, with only expert depositions and the drafting of the summary judgment motion remaining, Ablaise agree not to sue News Corporation and its other affiliates on the '530 patent. See Exh. 5.

3

Ablaise has refused to do so, apparently hoping to preserve the chance to assert the '530 patent in a different venue against News Corporation or other Dow Jones affiliates.

## II. The Covenant Proffered By Ablaise Is Not Sufficient In Scope To Eliminate Any Case or Controversy

Ablaise asserts in its brief seeking dismissal of Dow Jones' counterclaims that Dow Jones "has been 'Super Sacked,'" referring to the Federal Circuit's opinion in Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059 (Fed. Cir. 1995). Ablaise Br. at 4. Despite Ablaise's glib characterization, Ablaise cannot use its offer of a limited covenant not to sue to avoid the impending invalidation of the '530 patent for two reasons.

First, even as to the named Dow Jones entities, the scope of Ablaise's covenant is not sufficiently broad to warrant dismissal of the declaratory judgment claims by Dow Jones. The language proposed by Ablaise refers only to "existing products" and, therefore, could be read to exclude past products. In order to eliminate the controversy over products Dow Jones has had in the past, but does not currently operate, the covenant needs to extend to all such past products. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059 (Fed. Cir. 1995) (covenant not to sue must include past and present products). Moreover, the language of the covenant proffered by Ablaise does not make plain that it extends to licensees of Dow Jones who use any allegedly infringing products. See WS Packaging Group, Inc. v. Global Commerce Group, LLC, No. 06-C-674, 2007 U.S. Dist. LEXIS 5187, at *10-11 (E.D. Wis. Jan. 24, 2007). The Court does not have the power to order Ablaise to provide a broader covenant not to sue, however, the Court can deny the motion to dismiss unless and until Ablaise provides an adequate covenant. See, e.g., In re Rivastigmine Patent Litig., No. 05 MD 1661, 2007 U.S. Dist. LEXIS 228576, at *25 (S.D.N.Y. Apr. 19, 2007).

4

Second, under the specific circumstances of this case, a covenant not to sue directed solely to Dow Jones, but not protecting its corporate affiliates, does not require the dismissal of Dow Jones's counterclaims as to the invalidity of the '530 patent. News Corporation, the parent corporation of Dow Jones, operates numerous websites through its other subsidiaries that would potentially infringe the claims of the '530 patent. For example, the Fox Business and Smartmoney.com websites have a portfolio tracker product that operates in ways similar to the portfolio products that have been accused in this case. Other News Corporation sites also have features that it has ample reason to believe would be considered by Ablaise to be infringed by the '530 patent. Moreover, as Dow Jones and News Corporation are becoming more integrated in their operations, other News Corporation entities may wish to use the features being used on the wsj.com site. Imagine, for example, if the New York Post decided to use one or more of the technologies now used by The Wall Street Journal and that are accused by Ablaise of being infringing.

As noted above, the reason that Ablaise has made the strategic decision to attempt to withdraw the '530 patent from this case is that it has recognized that that patent is unlikely to survive summary judgment motions on invalidity, not that it has concluded that the previously accused products no longer infringe. Under the Medimmune standard, see Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764, 771 (2007), there can be no doubt that Dow Jones affiliates continue to have a real and substantial controversy with Ablaise over the validity of the '530 patent, whether or not it continues to press infringement claims against the Dow Jones websites it has previously accused. Although it is unclear which specific features of which

specific websites Ablaise is reserving the right to sue, News Corporation almost certainly has websites that would fall within Ablaise's view of the scope of the claims of the '530 patent.[2]

Unlike the cases cited by Ablaise, in this case the covenant not to sue does not eliminate this Court's jurisdiction over this entire matter. The Court retains jurisdiction and will have to resolve the related issue of the validity of the '737 patent in this action regardless of whether the declaratory judgment claims with respect to the '530 patent are dismissed. In similar circumstances, based on considerations of judicial economy, courts have retained supplemental jurisdiction over invalidity claims after the plaintiff has offered to provide a covenant not to sue on all the patent claims remaining in the case. See Silicon Graphics, Inc. v. ATI Technologies, Inc., No. 06-CV-0611-BBC, 2008 U.S. Dist. LEXIS 23775, at *11 (W.D. Wis. Mar. 25, 2008) ("if the promise not to sue is withheld until late in the case and the alleged infringer wants to proceed on invalidity and unenforceability issues, resolution of these issues promotes judicial economy, particularly when the promise comes on the eve of trial or in the midst of it.").[3] In the Silicon Graphics case, the patentee sought to dismiss the declaratory judgment claims for invalidity after having offered to provide a covenant not to sue as to all of the patent claims remaining in the case. The Court rejected that effort and instead concluded after a review of the relevant Federal Circuit precedent that in certain cases "district courts may exercise their discretion to proceed with the remaining claims of invalidity." Id. at *12.

Here, judicial economy would be served by allowing Dow Jones' invalidity claims to proceed in this action. The additional effort required at this juncture to determine those claims,

---

[2]   Dow Jones believes that Ablaise has a far too expansive view of the scope of its patent claims and expressly reserves the right to contest whether any of its features – such as those operated by the News Corporation – infringe the '530 patent

[3]   In the Silicon Graphics case it was the Robins Kaplan firm that convinced the Court to proceed with the trial of invalidity and unenforceability counterclaims even in the face of a covenant not to sue for infringement on the claims remaining in the case. See id. at *12-13.

likely on summary judgment, is limited. Dow Jones will be moving for summary judgment very shortly and the Court will have to address the validity of the '737 patent regardless of how this motion is decided. Ablaise has already brought at least nine actions against other parties based on the '530 patent. Allowing the Dow Jones counterclaim on the validity of the '530 patent to be resolved has a strong chance of narrowing those other cases and potential future cases as well.

It would be unfair and contrary to the principles underlying <u>Medimmune</u> to permit Ablaise to shield the '530 patent in this case from a finding of invalidity yet preserve to itself the right to hale Dow Jones's corporate parent into another court at another time to relitigate this very issue that it has just spent the last two years litigating. Here, Dow Jones and its corporate affiliates should not be forced to wait for Ablaise to bring the '530 patent back against them at a later date when it is clear from the facts that there is a continuing substantial dispute between them as to whether websites operated run afoul of a valid patent.

## **CONCLUSION**

For the foregoing reasons, Ablaise's motion to dismiss the '530 patent should be denied.

Date:  August 11, 2008                        Respectfully submitted,

                                                        By:   /s/_____
                                                              Steven Lieberman (439783)
                                                              Sharon L. Davis (439223)
                                                              Brian Rosenbloom (461413)
                                                              Oliver Edwards (975833)
                                                              David Orange (974817)
                                                              ROTHWELL, FIGG, ERNST & MANBECK
                                                              1425 K Street, NW
                                                              Suite 800
                                                              Washington, DC  20005
                                                             Tel: (202) 783-6040
                                                             Fax: (202) 783-6031

                                                             *Attorneys for Plaintiffs, Dow Jones & Company, Inc. and Dow Jones Reuters Business Interactive, LLC d/b/a Factiva*

# CERTIFICATE OF SERVICE

I hereby certify, that on this 11th day of August, 2008, I electronically filed with the Clerk of the Court, **OPPOSITION and DECLARATION OF PLAINTIFFS DOW JONES COMPANY' INC. AND DOW JONES REUTERS BUSINESS INTERACTIVE, LLC d/b/a FACTIVA TO DEFENDANT ABLAISE, LTD.'S MOTION TO DISMISS THE '530 PATENT** using the CM/ECF system and have served all parties in the manner described below to the following:

**Amy S. Owen** (Electronic Notification and U.S. First Class Mail)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
703-847-4480


**Patrick M. Arenz** (Electronic Notification and U.S. First Class Mail)
**Jake Holdreith**
**Cyrus A. Morton**
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500


\_\_/s/_____
Brian Rosenbloom